RICHARDSON *et al. v.* THE CHARLES P. CHOUTEAU.

(*Circuit Court, E. D. Louisiana.* January 29, 1889.)

CARRIERS—OF GOODS—CONNECTING CARRIERS—LIABILITY FOR LOSS.
  Each of several connecting carriers is liable to the owner on a through bill of lading issued by the first, for damages to goods shipped, with recourse against the one in fault.

In Admiralty. Appeal from the district court.

Libel by Richardson & May for injuries to certain cotton. Decree for libelants. Claimants appeal.

*O. B. Sansum,* for appellants.

*Bayne & Denegre,* for appellees.

PARDEE, J.    A libel is brought by consignees to recover damages on certain consignments of cotton delivered in New Orleans by the steamer Chouteau.    It appears that shipments of various lots of cotton from points in the state of Arkansas were made on through bills of lading by the steam-boats Ida Darragh and E. W. Cole; that the cotton was carried to Terrent, Miss., and there reshipped on the Chouteau, which delivered the cotton at New Orleans.    The Darragh and Cole gave clean clean bills of lading as to the condition of the cotton, and made through freight.    The Chouteau took the cotton at Terrent, without executing independent bills of lading.    The evidence shows that the cotton when received by the Chouteau was in about the same damaged condition as it was when delivered in New Orleans. · The case seems to be on all fours with the case of *Harp* v. *The Grand Era,* decided in this court in 1871, by the late Justice WOODS, and reported in 1 Woods, 184, where it was held: "When several carriers unite to complete a line of transportation, and receive goods for one freight, they are each liable for damages, subject to reclamation against the party by whose act the damage occurred;" and it was well said by the learned justice that, "any other rule which subjects shippers and consignees to such great inconvenience and uncertainty is to amount to a denial of a remedy.    It sometimes occurs that in the course of the transportation freight passes into the custody of four or five different steamers or railroads, all forming one line, and giving through bills of lading.    To require the owner to ascertain to which one the damage is attributable before he brings his action, is putting a burden upon him which makes relief almost impossible.    Each carrier is the agent of all the others to accomplish and complete the carriage and delivery of the goods, when a through bill of lading is given, and freight charged."    The evidence, however, in this case is not sufficiently definite and certain as to the amount of damage, and the case should go to a commissioner to report, unless the respondents are satisfied that the amount claimed is the proper amount.